IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OPLUS TECHNOLOGIES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:11-cv-8539 |
| | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| vs. | ) | |
| | ) | |
| | ) | |
| SEARS HOLDINGS CORPORATION and | ) | |
| VIZIO, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Oplus Technologies, Ltd. ("Oplus"), complains of defendants Sears Holdings Corporation ("Sears") and Vizio, Inc. ("Vizio") (collectively, "Defendants"), as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

2. Oplus is a foreign corporation organized under the laws of the state of Israel.

3. Oplus owns the full and exclusive right, title and interest in and has standing to sue for infringement of United States Patent No. 6,239,842 entitled "Method of De-Interlacing Video Signals Using a Mixed Mode Spatial and Temporal Approximation Technique," which issued May 29, 2001 ("the '842 patent").

4. Oplus owns the full and exclusive right, title and interest in and has standing to sue for infringement of United States Patent No. 7,271,840 entitled "Method for Determining Entropy of a Pixel of a Real Time Streaming Digital Video Image Signal, and Applications Thereof," which issued September 18, 2007 (the "'840 Patent").

5. Sears Holding Corporation is a Delaware Corporation, with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

6. Vizio, Inc. is a California corporation, with its principal place of business at 39 Tesla, Irvine, California 92618-4603.

7. Defendants have sold or offered to sell products that infringe '842 and '840 patents within this judicial district, and have advertised the sale of such products in this judicial district.

8. Venue is proper in this district under 28 U.S.C. § 1400(b).

**PATENT INFRINGEMENT**

9. Defendants have infringed the '842, patent at least by making, using, importing, selling or offering to sell, and/or by contributing to others' use of, among other products, video products using deinterlacing methods that fall within the scope of at least claim14 of the '842 patent. An example of such infringing products is the Vizio VP505XVT television, which were sold by Sears and advertised by Vizio as being sold through Sears. Other products are also believed to infringe the '842 patent.

10. Vizio has infringed the '840 patent at least by making, using, importing, selling or offering to sell, and/or by contributing to others' use of, among other products, video products using video signal error correction methods that fall within the scope of at least claim56 of the '840 patent.

Examples of such infringing products are the Vizio television models P50HDTV10A, VM60P and GV46L televisions. Other products which have been sold by Vizio are also believed to infringe the '840 patent. Sears has infringed the '840 patent at least by making using, importing, selling or offering to sell and/or by contributing to others' use of, among other products, video products using video signal error correction methods that fall within the scope of at least claim 56 of the '840 patent. An example of such infringing products is the Denon brand DVD1940CI DVD Player sold by Sears. Other products which have been sold by Sears are also believed to infringe the '840 patent.

11. Defendants' acts of infringement have injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate them for the infringement that has occurred, but in no event less than a reasonable royalty.

12. The infringement by Defendants have injured and will continue to injure Plaintiff, unless and until such infringement is enjoined by this Court.

WHEREFORE, Plaintiff, Oplus Technologies, Ltd., respectfully request judgment against Defendants and their subsidiaries and affiliates as follows:

A. An award of damages adequate to compensate plaintiffs for the infringement that has occurred, together with prejudgment interest from the date infringement of the patents began and through the lifetimes of the respective patents;

B. An injunction permanently prohibiting Defendants and all persons in active concert or participation with it, from further acts of infringement of the patents; and

C. Such other and further relief as this Court or a jury may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

                          Respectfully submitted,

                          /s/ Arthur A. Gasey
                          Raymond P. Niro
                          Arthur A. Gasey
                          Paul C. Gibbons
                          Niro, Haller & Niro
                          181 West Madison, Suite 4600
                          Chicago, Illinois 60602
                          Telephone: (312) 236-0733

                          Attorneys Oplus Technologies, Ltd.