IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPLUS TECHNOLOGIES, LTD<br><br>    Plaintiff,<br><br> v.<br><br>SEARS HOLDINGS CORPORATION and VIZIO, INC.<br><br>    Defendants. | Civil Action No. 1:11-cv-8539<br><br>Honorable Robert M. Dow, Jr.<br><br>Magistrate Judge Michael T. Mason<br><br>Jury Trial Demanded |

**FINAL JUDGMENT**

Plaintiff Oplus Technologies, Ltd. ("Oplus") brought the present action against Defendants VIZIO, Inc. ("VIZIO") and Sears Holdings Corporation ("Sears") alleging infringement of U.S. Patent Nos. 6,239,842 ("the '842 Patent") and 7,271,840 ("the '840 Patent").

On June 15, 2012, this Court recognized that "Oplus's claims against Sears depend on Vizio's liability" and that "the resolution of the Vizio action could potentially eliminate the claims against Sears." Subsequently, this Court transferred the claims against VIZIO to the Central District of California and severed and stayed the claims against Sears. (Dkt. No. 44.)

This Court directed the parties "to notify the Court as soon as a dispositive ruling had been issued, at which time the stay would be lifted and the case will proceed." (Dkt. No. 45.)

The parties have notified this Court that on October 2, 2013, Judge Pfaelzer, in the Central District of California, granted VIZIO summary judgment of noninfringement with respect to the '842 and '840 Patents and also granted VIZIO summary judgment of invalidity

with respect to the '842 Patent. On October 17, 2013, Judge Pfaelzer entered final judgment in favor of VIZIO.

After consideration of the final judgment in favor of VIZIO and Oplus' and Sears' Joint Stipulation for Entry of Judgment, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Judgment is entered in favor of Defendant Sears and against Plaintiff Oplus, with prejudice, on each of the following grounds:

 a. The '842 Patent is invalid as anticipated by the prior art under 35 U.S.C. § 102(b).

 b. The '842 Patent is not infringed by Sears directly or indirectly under 35 U.S.C. §§ 271(a), (b) or (c).

 c. The '840 Patent is not infringed by Sears directly or indirectly under 35 U.S.C. §§ 271(a), (b) or (c).

2. Pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1, Defendant Sears is the prevailing party and is entitled to recover its costs incurred in this action in an amount to be determined by the Court.

3. The parties reserve all rights on appeal with respect to this final judgment.

The Clerk is directed to enter this Judgment.

DATED: MARCH 18, 2014

*Robert M. Dow, Jr.*
Honorable Robert M. Dow, Jr.
United States District Judge

**Approved as to form:**

DATED: March 18, 2014         /s/ *Adrian M. Pruetz*
Adrian M. Pruetz
apruetz@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Phone: 310-282-6250
Fax: 310-785-3550

*Attorneys for Defendants*
*VIZIO, Inc. and Sears Holdings Corporation*

DATED: March 18, 2014         /s/ *Arthur A. Gasey*
Raymond P. Niro (rniro@nshn.com)
Arthur A. Gasey (gasey@nshn.com)
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137

*Attorneys for Plaintiff*
*Oplus Technologies, Ltd.*