IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPLUS TECHNOLOGIES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> SEARS HOLDINGS CORPORATION and VIZIO, INC., <br><br> Defendants. | Case No. 11-cv-8539 <br><br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VIZIO, INC.'S MOTION FOR ATTORNEYS' FEES AND EXPENSES PURSUANT TO 35 U.S.C. § 285, 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ..................................................................................1

II. STATEMENT OF FACTS .........................................................................................4

    A. Oplus' Infringement Allegations ....................................................................4

    B. This Court Transferred Oplus' Claims Against VIZIO and Stayed Oplus' Claims Against Sears ....................................................................................4

    C. Oplus Filed A Motion For Consolidation With the Judicial Panel on Multidistrict Litigation and Requested Transfer Back to This District ..................5

    D. Disposal of Oplus' Claims Against VIZIO in the Central District of California ......................................................................................................6

III. LEGAL STANDARD..................................................................................................7

IV. ARGUMENT..............................................................................................................8

    A. Awarding Attorneys' Fees and Costs to VIZIO Is Appropriate; Oplus Engaged in Impermissible Forum Shopping by Suing Sears, Solely to Secure a Venue Convenient to Oplus' Counsel.......................................................8

    B. Attorneys' Fees and Costs Should Also Be Awarded Because, As The Central District Of California Held, Oplus' Complaint Against Sears Was Frivolous and Objectively Baseless When Filed .......................................................9

    C. Oplus' Counsel Should Be Sanctioned for Knowingly Bringing and Maintaining A Frivolous and Objectively Baseless Litigation and Engaging in Impermissible Forum Shopping .......................................................11

V. CONCLUSION..........................................................................................................12

# TABLE OF AUTHORITIES

**Federal Cases**

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005) ..................... 7

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ................................................................. 8, 13

*Claiborne v. Wisdom,* 414 F.3d 715 (7th Cir. 2005) .................................................................. 13

*Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314 (Fed. Cir. 2011) ............................................... 7

*FM Industries, Inc. v. Citicorp Credit Services, Inc.,* 614 F.3d 335 (7th Cir. 2010) .................... 13

*Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717 (7th Cir. 2006) .......................................... 8

*Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770 (Fed. Cir. 1993) ............................................... 11

*Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302 (Fed. Cir. 2014) ........................................ 8

*Kotsilieris v. Chalmers*, 966 F.2d 1181 (7th Cir. 1992) ............................................................... 8

*Monolithic Power Sys., Inc. v. O2 Micro Intl Ltd.*, 726 F.3d 1359 (Fed. Cir. 2013) ..................... 7

*NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005) ...................................... 11

*Prof'l Real Estate Investors v. Columbia Pictures Indus.*, 508 U.S. 49 (1993) ............................. 8

*Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325 (Fed. Cir. 2008) ................................ 11

*Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381 (Fed.Cir.2008) .......................... 7

*U.S. for Use & Benefit of Treat Bros. Co. v. Fid. & Deposit Co. of Maryland*, 986 F.2d 1120 (7th Cir. 1993) .................................................................................................................. 9

**Federal Statutes**

28 U.S.C. § 1927 ............................................................................................................................ 8

35 U.S.C. § 285 ............................................................................................................................. 7

Defendant VIZIO, Inc. ("VIZIO") moves this Court pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent power to recover the attorneys' fees and expenses it was forced to incur on behalf of itself and its former customer and indemnitee, Defendant Sears Holdings Corporation ("Sears"), in staying Plaintiff Oplus Technologies, Ltd.'s ("Oplus") objectively baseless claims against Sears and severing and transferring Oplus' claims against VIZIO to an appropriate forum.

## I. PRELIMINARY STATEMENT

Oplus brought this patent infringement lawsuit against VIZIO and VIZIO's former customer Sears alleging infringement of U.S. Patents Nos. 6,239,842 (the "'842 Patent") and 7,271,840 (the "'840 Patent") (collectively, the "Patents-in-suit") in December 2011. A month after answering Oplus' complaint, VIZIO moved this Court to stay Oplus' claims against Sears and to sever and transfer Oplus' claims against VIZIO to the more convenient forum in the Central District of California. Recognizing that Oplus sued Sears solely to maintain venue in this District, and that this case turned on whether VIZIO's products infringed, this Court granted VIZIO's motion.

After the close of discovery in Oplus' case against VIZIO, VIZIO moved for summary judgment of noninfringement and invalidity. Senior District Judge Mariana R. Pfaelzer in the Central District of California granted summary judgment in favor of VIZIO, finding both Patents-in-suit noninfringed and the '842 Patent invalid. VIZIO subsequently moved post-judgment to recover its attorneys' fees and expert witness fees. Judge Pfaelzer held that Oplus' case against VIZIO was exceptional under 35 U.S.C. § 285, and that Oplus' counsel were vexatious litigants who had engaged in litigation misconduct, but declined to award fees on the basis that Oplus' claims against VIZIO were not objectively baseless when filed. In contrast,

1

Judge Pfaelzer held that Oplus' claims of infringement against Sears *were* objectively baseless when filed because the Patents-in-suit contained only method claims, method claims can only be infringed by use of the patented method, and in its First Amended Complaint, "Oplus specifically removed the allegation of 'use' of the patents by defendant Sears. Because the patents contained only method claims, this selective amendment rendered its allegations against Sears prima facie inadequate." Judge Pfaelzer suggested that any motion for attorneys' fees with respect to Oplus' claims against Sears should appropriately be filed in this Court, where the case against Sears remained.

This Court entered judgment in this case in favor of Sears on March 18, 2014, finding that the Patents-in-Suit were not infringed by Sears, that the '842 Patent was invalid, and that Sears is the prevailing party. VIZIO now moves this Court for the attorneys' fees and expenses caused by Oplus' frivolous suit against Sears. Oplus and its counsel knew, prior to bringing this patent infringement lawsuit, that the claims asserted against Sears were legally baseless because there was no way that Sears, as a reseller of VIZIO products, could have directly infringed the method claims at issue by use of the Patents-in-suit. However, in order to maintain a forum convenient to Oplus counsel, Oplus (a foreign corporation with no contacts in this District) alleged claims against VIZIO's former customer, Sears, anyway. This Court already saw through Oplus' ploy, finding that Sears was "merely peripheral to this lawsuit" and "the obvious reason Oplus joined Sears in this action was to establish venue in the Northern District of Illinois."

But even after this Court ordered a stay of the case against Sears and a transfer of the case against VIZIO, Oplus continued promoting its unjustifiable agenda by filing a motion to transfer this case back to this District with the Judicial Panel on Multidistrict Litigation ("MDL Panel"),

867287.1

which VIZIO was forced to oppose on behalf of itself and Sears, and which the MDL panel denied. Such impermissible forum shopping and further pursuit of transfer in front of the MDL Panel, after this Court rendered its transfer order, amounts to vexatious litigation under the law and warrants attorneys' fees and costs.

Even worse, not only was Sears sued solely as a peripheral defendant to establish venue, but, as Judge Pfaelzer has already held, "Oplus' allegations against Sears were objectively baseless at the time Oplus filed its first amended complaint." Oplus alleged, and continued to maintain for more than two years, that Sears directly infringed the method claims of the Patents-in-suit solely by "importing, selling, and/or offering to sell" allegedly infringing products. But it is well-established, black letter law that a method claim can only be infringed by use of the patented method, and cannot be infringed by the sale or importation of a product. As the Patents-in suit contained only method claims, Oplus' infringement allegations against Sears were frivolous and objectively baseless from the start.

The misconduct of Oplus and its counsel in this case should not go unaddressed. The only way to prevent and deter such conduct in the future is to have Oplus and its counsel compensate for the harm their misconduct has directly caused. For these reasons, VIZIO moves this Court to recover the $169,035 in attorneys' fees and $2,664 in travel expenses (*see* Declaration of Adrian M. Pruetz ("Pruetz Decl."), ¶¶2-21, Exhs. A-I), plus the fees and costs in bringing this Motion, all of which VIZIO incurred as a direct result of being forced to deal with Oplus' impermissible forum shopping and filing and maintaining a frivolous and objectively baseless litigation against VIZIO's former customer and indemnitee, Sears.

## II. STATEMENT OF FACTS

### A. Oplus' Infringement Allegations

In December 2011, Oplus, a foreign corporation organized under the laws of Israel, with no contacts to this District, filed suit against Sears, a Delaware corporation, and VIZIO, a California corporation, in the Northern District of Illinois. Prior to service of its original Complaint, Oplus filed a First Amended Complaint on December 20, 2011, alleging that Sears infringed the method claims of the Patents-in-suit by "importing, selling and/or offering to sell" the allegedly infringing products. Pruetz Decl., Exh. Q, First Am. Complaint, Dkt. No. 14, at ¶¶ 10 and 12. Oplus never alleged that Sears performed the method claims of the Patents-in-suit, the only claims at issue, nor could it, since Sears had acted only as a reseller of the accused VIZIO-branded products. *Id.* VIZIO accepted Sears' tender of defense and request for indemnity and therefore represents Sears in this action. Pruetz Decl., ¶22.

### B. This Court Transferred Oplus' Claims Against VIZIO and Stayed Oplus' Claims Against Sears

On March 20, 2012, VIZIO, on behalf of itself and Sears, moved to sever and transfer Oplus' claims against VIZIO and to stay Oplus' claims against Sears pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a) ("Motion to Stay"). *See* Mot. to Stay, Dkt. No. 37. On June 15, 2012, this Court granted the Motion to Stay, severing and transferring Oplus' claims against VIZIO to the Central District of California and staying Oplus' claims against Sears. Pruetz Decl., Exh. R, Order on Mot. to Stay, Dkt. No. 44. In granting the Motion to Stay, this Court found that Sears had not sold VIZIO products for over two years, that Sears was sued solely in its role as a former customer of VIZIO, and that Sears had no involvement in the design, development, manufacture, or any other technical aspects of the accused VIZIO products. *Id.* at 6. Based on these facts, this Court found that Sears was sued merely as "a peripheral defendant"

4

in the case, and that "the obvious reason Oplus joined Sears in this action was to establish venue in the Northern District of Illinois." *Id.* at 5-6. This Court further held that naming Sears, an insignificant party, in the action "simply to establish venue in the chosen district is impermissible forum shopping." *Id.* at 6.

Judge John W. Darrah, the presiding judge in Oplus' case against JVC Americas Corporation ("JVC"), also held that Sears had been sued in that case solely to establish venue, and stayed Oplus' claims against Sears and severed and transferred Oplus' claims against JVC to the District of New Jersey. *See Oplus Techs., Ltd. v. Sears Holding Corporation, et al.,* Case No. 1:11-cv-09029 (N.D. Ill.), Dkt. No. 51 (attached hereto as Exhibit P to the Pruetz Declaration) at 5 ("It's unclear what, if anything, the claims against Sears can contribute to Oplus' infringement action against JVC. The obvious reason Oplus joined Sears in this action was to establish venue in the Northern District of Illinois; therefore, Sears is a peripheral defendant."); *id.* at 6 ("Oplus cannot name an insignificant party as a defendant in the action simply to establish venue in whatever district it seeks: this form of forum-shopping is impermissible.").

### C. Oplus Filed A Motion For Consolidation With the Judicial Panel on Multidistrict Litigation and Requested Transfer Back to This District

A month after this Court rendered a detailed order finding that Oplus had engaged in impermissible forum shopping by filing its case in this District and granted the motion to sever and transfer the claims against VIZIO and to stay the claims against Sears, Oplus filed a motion to transfer with the MDL Panel, attempting to transfer and consolidate this case with three other actions brought by Oplus, including Oplus' case against JVC action that was transferred to New Jersey, back to this District. Pruetz Decl., Exh. J. On October 3, 2012, after full briefing and a hearing in New York before the MDL Panel, the Panel denied Oplus' motion to transfer. Pruetz Decl., Exh. K.

5

### D. Disposal of Oplus' Claims Against VIZIO in the Central District of California

On October 2, 2013, Senior Judge Mariana R. Pfaelzer granted VIZIO's motions for summary judgment of noninfringement of the Patents-in-suit and invalidity of the '842 Patent. Pruetz Decl., Exh. L. Judgment was subsequently entered in favor of VIZIO. Pruetz Decl., Exh. M. While Oplus initially appealed the judgment, it voluntarily dismissed its appeal prior to filing its principal brief. Pruetz Decl., Exh. N.

On October 31, 2013, VIZIO moved for attorneys' fees and expert witness fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent power. Following extensive briefing and oral argument, Judge Pfaelzer issued a 19 page order holding, among other things, that "Oplus and its counsel engaged in vexatious litigation strategy constituting litigation misconduct" and finding that the case was exceptional under 35 U.S.C. § 285. Pruetz Decl., Exh. O. However, in its discretion, the Court declined to award fees. *Id.* at 16-17. Although the Order was rendered in favor of VIZIO, the Court also found that "Oplus specifically removed the allegation of 'use' of the patent by defendant Sears. Because the patens only contained method claims, this selective amendment rendered its allegations against Sears prima facie inadequate." *Id.* at 11. Judge Pfaelzer concluded that Oplus' allegations against Sears were objectively baseless and suggested that fees related to the allegations against Sears would be more appropriately handled by this Court:

> Oplus's allegations against Sears were objectively baseless at the time Oplus filed its first amended complaint. Since the case against Sears remains pending in the Northern District of Illinois, however, that forum would be the most appropriate venue in which to seek sanctions for claims against Sears. *See, e.g., Highmark*, 687 F.3d 1300, 1319 (Fed. Cir. 2012).

*Id.* at 15:21-25.

**III.     LEGAL STANDARD**

A district court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Exceptional cases arise when there is "litigation misconduct" or "vexatious, unjustified, and otherwise bad faith litigation." *Monolithic Power Sys., Inc. v. O2 Micro Intl Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013) (internal citations omitted). The Federal Circuit has found that "lodging frivolous filings and engaging in vexatious or unjustified litigation" are types of litigation misconduct that support an exceptional case finding. *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1324 (Fed. Cir. 2011) (citing *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1387-88 (Fed.Cir.2008)). "Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless."[1] *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (citing *Prof'l Real Estate Investors v. Columbia Pictures Indus.*, 508 U.S. 49 (1993)). However, courts may "draw[] an inference of bad faith from circumstantial evidence thereof when a patentee pursues claims that are devoid of merit." *Kilopass Tech., Inc. v. Sidense Corp.,* 738 F.3d 1302, 1311 (Fed. Cir. 2014).

Additionally, an attorney who "unreasonably and vexatiously" multiplies the proceedings may be *personally* sanctioned for attorneys' fees and costs. 28 U.S.C. § 1927 (emphasis added). A district court may impose Section 1927 sanctions when an attorney pursued a claim that is legally or factually baseless or failed to dismiss claims that are no longer viable. *Jolly Grp., Ltd.*

---

[1] There are two pending cases in the U.S. Supreme Court which may change the law with respect to the proper standard for an exceptional case finding by a district court under 35 U.S.C. § 285: *Octane Fitness v. Icon Health & Fitness,* No. 12-1184 and *Highmark v. Allcare Health Mgmt.*, No. 12-1163.

7

*v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006). "Vexatious" means "either subjective or objective bad faith" that can be shown by malice, reckless conduct, or indifference to the law. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992).

When authorities do not provide for adequate sanction, the district court may use its inherent power to sanction attorney or party misconduct, including awarding fees and costs when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 50 (1991) (internal citations omitted); *U.S. for Use & Benefit of Treat Bros. Co. v. Fid. & Deposit Co. of Maryland*, 986 F.2d 1110, 1120 (7th Cir. 1993) .

## IV. ARGUMENT

Sanctions in this case are appropriate because Oplus and its counsel have engaged in bad faith, vexatious litigation tactics by engaging in forum shopping and by filing a frivolous and objectively baseless patent infringement case.

### A. Awarding Attorneys' Fees and Costs to VIZIO Is Appropriate; Oplus Engaged in Impermissible Forum Shopping by Suing Sears, Solely to Secure a Venue Convenient to Oplus' Counsel

As this Court already found, Oplus named Sears as a defendant in this case solely so that it could establish venue convenient for Oplus counsel. Dkt. No. 44 at 6. Sears, with a principal place of business in the Northern District of Illinois, is the only party in this case that has a connection to this District. *Id.* at 1, 9-10. This Court concluded that Sears was "merely peripheral to this lawsuit" and joined in this action by Oplus "to establish venue in the Northern District of Illinois" because Sears was a former customer of VIZIO with no information relevant to the alleged infringement by VIZIO products. *Id.* at 6. Joining a peripheral defendant like Sears in this action solely to establish venue constitutes impermissible forum shopping, and evidence that Oplus brought this action against Sears in bad faith.

8

Further, within weeks of this Court transferring Oplus' claims against VIZIO to the Central District of California, Oplus attempted to skirt this Court's orders by filing a motion with the MDL Panel seeking to transfer its case against VIZIO *back* to the Northern District of Illinois. *See In re: Oplus Techs., Ltd., Patent Litig.*, 899 F.Supp.2d 1373 (J.P.M.L. 2012). Even though the Panel denied Oplus' motion, VIZIO was forced to incur additional fees and costs in submitting another brief and presenting oral argument in New York to oppose it. Defs' Resp. in Oppo. to Mot. to Transfer, MDL No. 2400, Dkt. No. 17. The Central District also confirmed that only "Oplus's counsel, based in Chicago, stood the benefit from preventing transfer out of the Northern District of Illinois" and that the venue was not convenient for Oplus itself. Pruetz Decl., Exh. O at 11 fn. 5. This Court should award VIZIO its attorneys' fees and costs because Oplus' motion with the MDL Panel was a blatant attempt to undo this Court's transfer and stay order, unreasonably and vexatiously multiplying the proceedings against Sears.

     **B.**     **Attorneys' Fees and Costs Should Also Be Awarded Because, As The Central District Of California Held, Oplus' Complaint Against Sears Was Frivolous and Objectively Baseless When Filed**

As Judge Pfaelzer in the Central District of California held:

> Oplus's first amended complaint took its first step over the boundaries of professionalism. Oplus specifically removed the allegation of 'use' of the patents by defendant Sears. Because the patents only contained method claims, this selective amendment rendered its allegations against Sears prima facie inadequate.

Pruetz Decl., Exh. O at 11:6-10.

Accordingly, Judge Pfaelzer held that Oplus's allegations against Sears were objectively baseless at the time Oplus filed its first amended complaint. Pruetz Decl., Exh. O at 15:21-25. Oplus' sole allegation in its First Amended Complaint against Sears was that Sears directly infringed the method claims of the Patents-in-suit "by importing, selling and/or offering to sell"

allegedly infringing products. First Am. Complaint, Dkt. No. 14 at ¶¶10 and 12. Oplus did not allege that Sears indirectly infringed the Patents-in-suit, nor did Oplus allege that Sears infringed the Patents-in-suit based on "use" of the patented methods. *Id.*

It is long-established black letter law, well-known to patent attorneys and other lawyers practicing patent litigation, that in order to infringe a method claim, one must practice the patented method. *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774-75 (Fed. Cir. 1993) ("[A] method claim is not directly infringed by the sale of an apparatus even though it is capable of performing only the patented method. The sale of the apparatus is not a sale of the method. A method claim is *directly* infringed only by one practicing the patented method.") (emphasis original); *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008) (holding that "a party that sells or offers to sell software containing instructions to perform a patented method does not infringe the patent under § 271(a)"); *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1320-21 (Fed. Cir. 2005) ("[T]he legislative history of section 271(a) indicates Congress's understanding that method claims could only be directly infringed by use. . . Congress did not consider the 'import' prong of section 271(a) to apply to method claims."). Oplus' allegations were frivolous and objectively baseless from the moment Oplus filed its First Amended Complaint because the Oplus patents **contain only method claims**. Sears, as a reseller who did not use the patented methods, could not possibly be liable for directly infringing the method claims of the Patents-in-suit under any circumstances.

Yet, despite this black letter Federal Circuit law, Oplus filed and continued to maintain its claims of direct infringement of these method claims against Sears solely based on "importing, selling and/or offering to sell." As the Central District of California already confirmed, Oplus' allegations were frivolous and "objectively baseless at the time Oplus filed its First Amended

10

Complaint" and they remained so. For these reasons, this Court should award VIZIO its attorneys' fees and costs.

      **C.**    **Oplus' Counsel Should Be Sanctioned for Knowingly Bringing and Maintaining A Frivolous and Objectively Baseless Litigation and Engaging in Impermissible Forum Shopping**

Plaintiff Oplus, a non-practicing entity organized under the laws of Israel, is an empty shell. Oplus' counsel of record from the law firm Niro, Haller, & Niro, Ltd. acted as the masterminds behind the impermissible forum shopping and the filing of this frivolous and objectively baseless case, and should all be held jointly and severally liable with Oplus for their role in filing and maintaining this bad faith and objectively baseless litigation. *See, e.g.,* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *FM Industries, Inc. v. Citicorp Credit Services, Inc.,* 614 F.3d 335, 340 (7th Cir. 2010) (citing *Claiborne v. Wisdom,* 414 F.3d 715, 723 (7th Cir. 2005)) ("Liability under § 1927 is direct, not vicarious."); *Chambers*, 501 U.S. at 50 (if the expressed authorities do not provide adequate sanction, "the court may safely rely on its inherent power.").

As the Central District of California already held in a 19-page opinion, Oplus counsel abused the litigation process, causing VIZIO, on behalf of itself and Sears, to defend against Oplus counsel's vexatious litigation misconduct in impermissible forum shopping and filing of a frivolous and objectively baseless infringement case against Sears. Order on Mot. to Stay, Dkt. No. 44, at 5-6; Pruetz Decl., Exh. O at 15:21-22. All of the fees and costs to do so are attributable to Oplus counsel because they knowingly filed a frivolous and objectively baseless litigation against Sears and engaged in impermissible forum shopping. Accordingly, VIZIO

requests that Oplus counsel be held jointly and severally liable with Oplus for its conduct in this case.

## V. CONCLUSION

For all the foregoing reasons, VIZIO respectfully requests that this Court grant VIZIO's Motion and award VIZIO the attorneys' fees and expenses it incurred in being forced to deal with Oplus' impermissible forum shopping and filing of a frivolous and objectively baseless litigation against Sears in this action pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent power.

Dated: April 1, 2014

/s/ Adrian M. Pruetz
Adrian M. Pruetz
apruetz@glaserweil.com
GLASER WEIL FINK JACOBS
　HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Phone: 310-282-6250
Fax: 310-282-3550

*Counsel for Defendant*
*VIZIO, Inc.*

12

867287.1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.5 on April 1, 2014. Any other counsel of record will be served by First Class U.S. Mail on this same date.

/s/ Adrian M. Pruetz
Adrian M. Pruetz