# IN THE UNITED STATES DISRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OPLUS TECHNOLOGIES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> SEARS HOLDINGS CORPORATION and VIZIO, INC., <br><br> Defendants. | Case No. 11-cv-8539 <br><br> Judge Robert M. Dow, Jr. |

# DECLARATION OF ADRIAN M. PRUETZ IN SUPPORT OF DEFENDANT VIZIO, INC.'S MOTION FOR ATTORNEYS' FEES AND EXPENSES PURSUANT TO 35 U.S.C. § 285, 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER

867053.2

## DECLARATION OF ADRIAN M. PRUETZ

I, Adrian M. Pruetz, declare:

1.\tI am a partner in the law firm of Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP ("Glaser Weil"), and an attorney of record for Defendants Sears Holdings Corporation ("Sears") and VIZIO, Inc. ("VIZIO") in the following action in the Northern District of Illinois: *Oplus Techs., Ltd. v. Sears Holdings Corp., et al.*, 11-cv-8539 (N.D. Ill.). I make this declaration on personal knowledge, and if called as a witness, I could and would testify competently thereto.

### Outside Counsel for VIZIO and Sears

2.\tThe attorneys who have principally worked on this matter are Charles C. Koole, Lauren M. Gibbs, and myself from Glaser Weil.

3.\tI am the lead counsel for VIZIO and Sears in this matter and a partner and the chair of Glaser Weil's Intellectual Property Department. I have been litigating patent infringement matters for over 31 years. Prior to joining Glaser Weil, I was a partner and co-founder of Pruetz Law Group LLP, an intellectual property boutique; a partner at Quinn Emanuel for nearly 13 years, where I founded and chaired the intellectual property litigation practice; and before that, a partner at Morrison & Foerster, where I practiced intellectual property litigation for more than a decade. Among the honors I have received, I am (1) a recipient of the IP Vanguard Award from the State Bar of California, for my achievements in the private practice of IP litigation, (2) recognized in "Best Lawyers in America" for Patent Litigation; (3) recognized by Chambers USA for Intellectual Property Litigation; (4) listed as one of the "Top Intellectual Property Attorneys," "Top Women Litigators," and "100 Leading Women Lawyers in California" by the Los Angeles Daily Journal for multiple years, (5) named a Southern California

1

Super Lawyer in Intellectual Property for multiple yeas, and (6) rated AV Preeminent by Martindale-Hubbell.

4. My discounted billing rate for the period of February 2012 to October 2012 was $705 per hour, which was the rate charged to VIZIO for my services in this matter. I strategized and supervised VIZIO's defense in this case; reviewed and edited briefs and other written materials; communicated with opposing counsel; and conducted oral argument on behalf of VIZIO and Sears at the two transfer motion hearings.

5. Mr. Koole received Bachelor's degrees in Mathematics and Computer Science from Calvin College in 2003, and a law degree from the University of Southern California in 2008. Mr. Koole is registered to practice before the United States Patent and Trademark Office. He has worked predominantly on patent litigation matters since September 2009.

6. Mr. Koole's standard billing rate for the period of February to May 2012 was $325 per hour, and for the period of June 2012 to October 2012 was $345 per hour, which were the rates charged to VIZIO for his services in this matter. He has worked on all aspects of this case, including drafting briefs, declarations, and stipulations; preparing exhibits for oral argument; conducting legal research; was involved in strategic litigation planning; and handled communications with Oplus counsel.

7. Ms. Gibbs was formerly an associate at Glaser Weil. She received a Bachelor's degree in Business Administration from the University of Southern California in 2004, and a law degree from the Loyola Law School in Los Angeles in 2007. Ms. Gibbs has worked on various intellectual property matters since Fall 2007.

8. Ms. Gibbs' standard billing rate for the period of February to June 2012 was $370 per hour, and for the period of July 2012 to October 2012 was $395 per hour, which were the

rates charged to VIZIO for her services in this matter. Ms. Gibbs' responsibilities in this case included drafting briefs and other documents and conducting legal research.

**VIZIO's Attorneys' Fees Are Reasonable**

9.  Based on my litigation experience, I am familiar with the billing rates charged by mid-size law firms in Los Angeles for patent litigation services performed by partners, senior counsel, and associates at all levels. The hourly rates charged by Glaser Weil in this matter are at or below market rates for patent litigation.

10. Glaser Weil took significant steps to ensure that its rates have been reasonable in this matter. As the attorneys with the lowest hourly billing rates, Ms. Gibbs and Mr. Koole conducted most of the legal research and participated in the drafting of most of the documents filed and served in this case. They personally billed over half of the hourly work in this matter to provide VIZIO the benefit of their low billing rates.

11. The attorneys' fees and travel expenses that VIZIO seeks to recover with this Motion, which were incurred by VIZIO, on behalf of itself and Sears, to defend against and move to transfer Oplus' claims in the Northern District of Illinois, and to defend against Oplus' motion filed with the Judicial Panel on Multidistrict Litigation, are reflected in the chart below, on a monthly basis:

| Month in Which Services Were Performed | Attorneys' Fees Incurred[1] | Travel Expenses |
|---|---|---|
| February 2012 | $ 47,103.00 | $ 631.60 |
| March 2012 | $ 38,034.50 | $ 0.00 |
| April 2012 | $ 26,462.50 | $ 1,383.80 |
| May 2012 | $ 6,443.00 | $ 0.00 |
| June 2012 | $ 8,227.00 | $ 0.00 |

---

[1] *See* Paragraph 12.

867053.2

| July 2012 | $ 8,205.50 | $ 0.00 |
| August 2012 | $ 21,611.50 | $ 0.00 |
| September 2012 | $ 12,596.50 | $ 648.60 |
| October 2012 | $ 352.50 | $ 0.00 |
| **Total** | **$169,035.00** | **$2,664.00** |

12. The numbers in the chart above were calculated as follows. For attorneys' fees incurred prior to the stay of Oplus' claims against Sears and the sever and transfer of Oplus' claims against VIZIO to the Central District of California on June 25, 2012, the full amount is included. For attorneys' fees incurred between June 15, 2012, when Oplus' claims against Sears were stayed and Oplus' claims against VIZIO were severed and transferred to the Central District of California, and October 3, 2012, when the MDL proceeding was terminated, attorneys' fees were included in their entirety if the corresponding time entry was solely directed to the MDL proceeding, and half of the attorneys' fees were included if the corresponding time entry was directed to both the MDL proceeding and the Central District of California proceeding.

13. Concurrently filed confidentially under seal as Exhibit A is a true and correct redacted copy of Glaser Weil's Invoice 144206 to VIZIO dated March 15, 2012 and co-counsel Lee Tran & Liang's ("LTL") invoice dated March 6, 2012, which reflects services billed to VIZIO through February 29, 2012.

14. Concurrently filed confidentially under seal as Exhibit B is a true and correct redacted copy of Glaser Weil's Invoice 144626 to VIZIO dated April 11, 2012 and LTL's invoice dated April 5, 2012, which reflects services billed to VIZIO through March 31, 2012.

15. Concurrently filed confidentially under seal as Exhibit C is a true and correct redacted copy of Glaser Weil's Invoice 145241 to VIZIO dated May 16, 2012 and LTL's invoice dated May 2, 2012, which reflects services billed to VIZIO through April 30, 2012.

4

867053.2

16. Concurrently filed confidentially under seal as Exhibit D is a true and correct redacted copy of Glaser Weil's Invoice 145852 to VIZIO dated June 12, 2012 and LTL's invoice dated June 5, 2012, which reflects services billed to VIZIO through May 31, 2012.

17. Concurrently filed confidentially under seal as Exhibit E is a true and correct redacted copy of Glaser Weil's Invoice 146344 to VIZIO dated July 9, 2012 and LTL's invoice dated July 6, 2012, which reflects services billed to VIZIO through June 30, 2012.

18. Concurrently filed confidentially under seal as Exhibit F is a true and correct redacted copy of Glaser Weil's redacted Invoice 146997 to VIZIO dated August 13, 2012 and LTL's invoice dated August 6, 2012, which reflects services billed to VIZIO through July 31, 2012.

19. Concurrently filed confidentially under seal as Exhibit G is a true and correct redacted copy of Glaser Weil's Invoice 147674 to VIZIO dated September 24, 2012 and LTL's invoice dated September 10, 2012, which reflects services billed to VIZIO through August 31, 2012.

20. Concurrently filed confidentially under seal as Exhibit H is a true and correct redacted copy of Glaser Weil's Invoice 148264 to VIZIO dated October 16, 2012 and LTL's invoice dated October 4, 2012, which reflects services billed to VIZIO through September 30, 2012.

21. Concurrently filed confidentially under seal as Exhibit I is a true and correct redacted copy of Glaser Weil's Invoice 149102 to VIZIO dated November 30, 2012, which reflects services billed to VIZIO through October 31, 2012.

**Exhibits to VIZIO's Motion**

22. VIZIO's customer Sears tendered defense of and requested indemnity for Oplus' claims against Sears in this action. On behalf of VIZIO, I accepted Sears' tender of defense and request for indemnity and I represent Sears in this matter.

23. Attached hereto as Exhibit J is a true and correct copy of Oplus' Motion to Transfer filed before the Judicial Panel on Multidistrict Litigation (the "MDL Panel"), MDL No. 2400, Dkt. No. 1.

24. Attached hereto as Exhibit K is a true and correct copy of the MDL Panel's Order denying Oplus' Motion to Transfer, MDL No. 2400, Dkt. No. 26.

25. Attached hereto as Exhibit L is a true and correct copy of the Judge Pfaelzer's Order granting VIZIO's motions for summary judgment of noninfringement of the Patents-in-suit and invalidity of the '842 Patent, which was entered on October 2, 2013 in *Oplus Techs., Ltd. v. Sears Holdings Corp., VIZIO, Inc.*, 2;12-cv-5707 (C.D. Cal.), Dkt. No. 183.

26. Attached hereto as Exhibit M is a true and correct copy of the Judgment in Favor of VIZIO, Inc. of Noninfringement of U.S. Patent Nos. 6,239,842 and 7,271,840 and Invalidity of U.S. Patent No. 6,239,842, which was entered by Judge Pfaelzer on October 17, 2013 in *Oplus Techs., Ltd. v. Sears Holdings Corp., VIZIO, Inc.*, 2:12-cv-5707 (C.D. Cal.), Dkt. No. 185.

27. Attached hereto as Exhibit N is a true and correct copy of the Stipulation of Voluntary Dismissal Pursuant to Federal Rule of Appellate Procedure 42(b) filed in *Oplus Techs., Ltd. v. VIZIO, Inc., et al.,* Appeal No. 14-1119 (Fed. Cir.).

28. Attached hereto as Exhibit O is a true and correct copy of the Order Denying Defendant VIZIO, Inc.'s Motion for Attorneys' Fees and Expert Witness Fees entered by Judge

867053.2

Pfaelzer on February 3, 2014 in *Oplus Technologies, Ltd. v. Sears Holdings Corp., VIZIO, Inc.*, 2:12-cv-5707 (C.D. Cal.), Dkt. No. 220.

29. Attached hereto as Exhibit P is a true and correct copy of the Amended Opinion and Order issued by Judge John W. Darrah in *Oplus Techs. Ltd. v. Sears Holdings Corporation and JVC Americas Corporation,* Case No. 1:11-cv-09029 (N.D. Ill.) on June 21, 2012.

30. Attached hereto as Exhibit Q is a true and correct copy of the First Amended Complaint filed by Oplus Technologies, Ltd. in this case, *Oplus Techs. Ltd. v. Sears Holdings Corporation and VIZIO Inc.,* Case No. 1:11-cv-08539 (N.D. Ill.), Dkt. No. 14.

31. Attached hereto as Exhibit R is a true and correct copy of the Memorandum Opinion and Order issued by Judge Dow in this case, *Oplus Techs. Ltd. v. Sears Holdings Corporation and VIZIO Inc.,* Case No. 1:11-cv-08539 (N.D. Ill.), Dkt. No. 44.

32. Attached hereto as Exhibit S is a true and correct copy of the Final Judgment entered by Judge Dow in this case, *Oplus Techs. Ltd. v. Sears Holdings Corporation and VIZIO Inc.,* Case No. 1:11-cv-08539 (N.D. Ill.), Dkt. No. 48.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 1st day of April, 2014 in Los Angeles, California.

_____
Adrian M. Pruetz