**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **OPLUS TECHNOLOGIES, LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 11 CV 8539** |
| | ) | |
| **v.** | ) | **District Judge Robert M. Dow, Jr.** |
| | ) | |
| **SEARS HOLDINGS CORPORATION** | ) | **Magistrate Judge Michael T. Mason** |
| **and VIZIO, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**To:     The Honorable Robert M. Dow, Jr.**
**United States District Judge**

## REPORT AND RECOMMENDATION

Michael T. Mason, United States Magistrate Judge:

Currently pending before the Court is Vizio's Motion for Attorneys' Fees and Expenses Pursuant to 35 U.S.C. §285, 28 U.S.C. §1927, and the Court's Inherent Power [53]. For the reasons explained below, the Court recommends that the District Court deny the motion.

## Background & Procedural History

Oplus Technologies owns the full and exclusive right, title and interest in United States Patent No. 6,239,842, issued May 29, 2001 and entitled "Method of De-Interlacing Video Signals Using a Mixed Mode Spatial and Temporal Approximation Technique" ("the '842 Patent"). First Amended Complaint [14], ¶3. Oplus also holds full and exclusive right, title and interest in United States Patent No. 7,271,840, issued September 18, 2007 and entitled "Method for Determining Entropy of a Pixel of a Real Time Streaming Digital Video Image Signal, and Application Thereof" ("the '840 Patent"). *Id.*, ¶4.

On December 1, 2011, Oplus filed a complaint in this court against Sears Holdings Corporation and Vizio, alleging infringement of both patents. [1].   Oplus filed its First Amended Complaint on December 20, 2011 [14].  More specifically, Oplus alleged that Vizio infringed the '842 Patent "by making, using, importing, selling or offering to sell, and/or contributing to others' use of, among other products, video products [such as the Vizio VP505XVT television] using deinterlacing methods that fall within the scope of at least claim 14 of the '842 Patent," and that Sears infringed the '842 Patent "by importing, selling and/or offering to sell such infringing products as the Vizio VP505XVT television." First Amended Complaint [14], ¶¶9-10.  Oplus further alleged that Vizio infringed the '840 Patent "by making, using, importing, selling or offering to sell, and/or by contributing to others' use of, among other products, video products [such as the Vizio P50HDTV10A, VM60P, GV46L televisions] using video signal error correction methods that fall within the scope of at least claim 56 of the '840 Patent," and that Sears infringed the '840 Patent "by importing, selling and/or offering to sell such infringing video products. . . ." *Id.*, ¶¶11-12.

After filing an answer but before any real discovery began, Vizio filed a motion asking the District Court to sever the claims against it and transfer those severed claims to the United States District Court for the Central District of California; Vizio also moved to stay the case against Sears pending the outcome of the case against Vizio [36].  In support of its transfer motion, Vizio argued that the Central District of California was a more convenient forum for the parties and the witnesses, and, in support of the motion to sever and stay, Vizio argued that Sears was really a "peripheral" defendant.  Judge Dow, the district judge to whom the case was assigned, granted the motion in its entirety [43, 44].  In doing so, Judge Dow noted that

Sears appears to be . . . a peripheral defendant.  According to Vizio and not

disputed by Plaintiff, Vizio's sales of the accused televisions to Sears constituted a very minor portion of Vizio's business during the relevant period. Furthermore, Vizio attests (and Plaintiff does not present evidence to the contrary) that Sears had no involvement in the design, development, manufacture, or any other technical aspects of the accused Vizio products. Thus, it follows that Sears is not likely to have information bearing on Oplus's infringement claims or Vizio's defenses. Moreover, Sears is one customer of many and has not sold Vizio televisions since January 2010. When a plaintiff chooses only one reseller of the accused product out of many, the "inference here is irresistible that the principal reason [the customer defendant] has been sued is to establish venue in the Northern District of Illinois."

Memorandum Opinion and Order [44], p. 5 (quoting *Ambrose v. Steelcase, Inc.*, No. 02 C 2753, 2002 WL 1447871 (N.D. Ill. July 3, 2002)). Having determined that "the obvious reason Oplus joined Sears in this action was to establish venue in the Northern District of Illinois" and that "[t]he naming of an insignificant party as a defendant in an action simply to establish venue in the chosen district is impermissible forum shopping," Memorandum Opinion and Order [44], p. 6, Judge Dow transferred the claims against Vizio to California, stayed the claims against Sears and placed the matter on the "suspense calendar" pending disposition of the claims against Vizio in the transferred action [43, 45].

The case against Vizio proceeded in California before the Honorable Mariana Pfaelzer, and, on October 17, 2013, Judge Pfaelzer granted summary judgment in favor of Vizio. Thereafter, consistent with Judge Dow's transfer order, the parties advised the District Court here that the transferred claims had been resolved. On March 18, 2014, the parties filed a joint stipulation for entry of final judgment before Judge Dow [47]; final judgment in favor of Sears was entered that same day. Two weeks later, Vizio filed a motion for sanctions [53]. Judge Dow referred the motion to this Court.

## Discussion

In its motion, Vizio seeks sanctions, in the form of attorneys' fees and costs,

3

pursuant to 35 U.S.C. §285, 28 U.S.C. §1927, and "the Court's inherent power" [53].

Vizio seeks $199,911 in attorneys' fees and $2,664 in travel expenses, plus, presumably,

additional fees incurred in connection with the briefing of the sanctions motion. Oplus

opposes any award of fees, arguing that Vizio has already sought and been denied these

same fees in the California action and that the fees Vizio seeks were incurred, not for

Sears, but for Vizio, which is not a party to this case and has not been a party to this case

for years. Oplus also challenges the fees Vizio seeks as unreasonable.

Section 285 of the Patent Act allows a court, "in exceptional cases" to "award

reasonable attorney fees to the prevailing party." 35 U.S.C. §285. The Supreme Court

recently held that the word "exceptional" as it is used in the Patent Act, should be

interpreted "in accordance with its ordinary meaning," *Highmark, Inc. v. Allcare Health

Management System, Inc.*, 134 S.Ct. 1744, 1748 (2014); *Octane Fitness, LLC v. Icon

Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). Thus, "an 'exceptional' case is simply

one that stands out from others with respect to the substantive strength of a party's

litigation position (considering both the governing law and the facts of the case) or the

unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S.Ct. at 1756;

*Highmark*, 134 S.Ct. at 1748. Further, the Supreme Court held, "district courts may

determine whether a case is 'exceptional' in the case-by-case exercise of their discretion,

considering the totality of the circumstances." *Octane Fitness*, 134 S.Ct. at 1756;

*Highmark*, 134 S.Ct. at 1748.

Vizio also seeks sanctions under 28 U.S.C. §1927 and pursuant to the Court's

inherent power. Section 1927 provides that "[a]ny attorney or other person admitted to

conduct cases in any court of the United States or any Territory thereof who so multiplies

the proceedings in any case unreasonably and vexatiously may be required by the court to

4

satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  "Sanctions against counsel under 28 U.S.C. §1927 are appropriate when 'counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders.'"  *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013)(quoting *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184-85 (7th Cir. 1992)).  The same is true when sanctions are awarded pursuant to the court's inherent power: "[t]he federal courts have the inherent power to impose a wide range of sanctions upon parties for abusive litigation" but only in "cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders."  *Grochocinski*, 719 F.3d at 799 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991); *Mach v. Will County Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009)). "There is no single litmus test for determining what constitutes bad faith, though more than mere negligence is required."  *Grochocinski*, 719 F.3d at 799 (citing *Maynard v. Nygren*, 332 F.3d 462, 471 (7th Cir. 2003)).

Vizio claims that an award of fees is appropriate under any and all of these authorities because "Oplus and its counsel brought exceptionally meritless patent infringement claims in bad faith and engaged in impermissible forum shopping."  Amended Memorandum in Support of Vizio's Motion for Fees [62], p. 10.   We disagree that an award of fees is appropriate.  Other than Oplus' initial ill-advised decision to name Sears as a defendant in an attempt to establish venue here, there is nothing exceptional about this case.  And that one act of misconduct  – quickly remedied with Judge Dow's transfer order – is simply not egregious enough to warrant any award of fees, let alone the imposition of more than $200,000 in fees and expenses.  Although it is true that Judge Pfaelzer found the case to be "exceptional," it is also true that the conduct that gave Judge

Pfaelzer pause all happened in California, not here.  In fact, not much happened here at all.  The meat of the case went forward in the Central District of California, before Judge Pfaelzer, and the merits were decided there.  And, significantly, although Judge Pfaelzer determined that "Oplus's tactics in this litigation have been vexatious and meet the standard for litigation misconduct," she declined to award fees to Vizio.  *See* Order Denying Defendant Vizio, Inc.'s Motion for Attorneys' Fees and Expert Witness Fees [62-16], pp. 15, 16-18 (attached to Adrian M. Pruetz's Amended Declaration as Exhibit O).  We see no reason to effect a different outcome here, where none of that "misconduct" occurred.

Vizio represents, in its reply brief, that Judge Pfaelzer "expressly declined to make a substantive ruling with respect to the fees and costs sought here and directed that Vizio seek these fees and costs from this Court instead."  Reply, p. 2.  But that is not entirely accurate.  Judge Pfaelzer indicated that *Sears* should seek its fees here; she ruled that Vizio was not entitled to fees.  Had Judge Pfaelzer awarded Vizio fees in the California action, there is no way Vizio – even as Sears' indemnitor – could recover those same fees again here.  Such an outcome would be both unfair and unreasonable.  Having been denied the fees in California, it is unclear why Vizio thinks it should get another bite at that apple.   Nor is it clear why Vizio – having been denied fees in the forum in which the merits of the claims were actually litigated and decided – thinks it should be awarded fees here, where very little of substance actually transpired.

Vizio claims that, had Judge Pfaelzer decided the motion under the now relaxed standards articulated in *Octane Fitness*, she would have granted Vizio fees and expenses.  But the judge did not decide the case under *Octane Fitness* and *Highmark*; she did not award fees and we are in no position to alter that outcome by awarding fees to Sears for

6

work done on behalf of another party in another forum.

Vizio cites Judge Zagel's opinion in *Illinois Computer Research v. Best Buy Stores*, No. 10 CV 4298 (issued 12/7/12)(attached to Pruetz's Supplemental Declaration as Exhibit W) to support its position that its indemnification agreement with Sears allows it to seek fees here, even though the claims against it did not go forward in this district. In particular, Vizio emphasizes Judge Zagel's finding that "the purposes of both statutes [§285 and 28 U.S.C. §1927] would be ill-served if a party who has engaged in vexatious conduct is able to avoid fees based on the happenstance of an opponent's indemnity arrangement." *Id.*, p. 4. Here, fees are being denied, not simply because Vizio technically is no longer a party to the case, but because the Judge who dealt with the bulk of this case already said that the case does not warrant an award of fees. If the main defendant (having endured litigation misconduct and discovery abuses to win on the merits) is not entitled to recover fees under the circumstances, we fail to see why the peripheral defendant (who endured none of those abuses and simply piggybacked on the work done in California) should be entitled to do so.

In support of its motion, Vizio submitted an amended declaration from Adrian M. Pruetz, an attorney of record for both Sears and Vizio, who states that the fees Vizio seeks are reasonable. According to Mr. Pruetz's declaration, Vizio is seeking to recover from Oplus more than $200,000 in fees and expenses, $53,000 of which was incurred while this case was stayed. Literally nothing happened in this case during this period of time; no work was performed on behalf of Sears. Given the posture of the case during this time period, Vizio's request, at least for these months, is patently unreasonable. Beyond that, common sense dictates that $200,000 in fees and expenses is decidedly unreasonable in a case where so little actually transpired. At the end of the day, Vizio's motion suggests

7

that what Vizio is seeking is not fees and expenses incurred on behalf of Sears in this case, but fees and expenses incurred on its own behalf in the California case. Judge Pfaelzer already denied that request, and we recommend doing so as well.

## Conclusion

For the reasons stated above, we respectfully recommend that the District Court deny Vizio's Motion for Attorneys' Fees and Expenses [53].

Specific written objections to this Report and Recommendation may be served and filed within fourteen (14) days from the date that this order is served. Fed. R. Civ. P. 72. Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).


Dated: July 28, 2014

ENTERED:

MICHAEL T. MASON
United States Magistrate Judge