## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

OPLUS TECHNOLOGIES, LTD., )
      Plaintiff, )
     )     Case No. 11 CV 8539
    v. )
     )     Judge Robert M. Dow, Jr.
SEARS HOLDING CORPORATION, et al., )
      Defendants. )

## ORDER

For the reasons set forth below, the Court denies the combined motion and supporting brief of Oplus and Niro, Haller & Niro requesting fees and expenses [94 and 96]. Notice of motion date of 9/16/14 is stricken and no appearances are necessary on that date. This case is closed.

## STATEMENT

On July 18, 2014, Judge Mason issued a Report and Recommendation [84] setting forth his recommended disposition of Defendant Vizio, Inc's motion for attorneys' fees and expenses pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent power [53]. Judge Mason recommended that the Court deny Vizio's motion for attorneys' fees and expenses. Defendant Vizio objected to the Report and Recommendation, but the Court overruled those objections and adopted Judge Mason's conclusion that Oplus's conduct in this district, although "impermissible forum shopping," was not egregious enough to warrant any award of fees. Plaintiff Oplus and its counsel now seek reimbursement for fees and expenses incurred in responding to Vizio's request for fees and expenses.

Much like Vizio's objections to Magistrate Judge Mason's Report and Recommendation, Oplus's request for fees in this instance misses the mark. Instead of appreciating the fact that its tactical decision to bring suit against Vizio and Sears—dubbed by Judge Mason as an "ill-advised decision to name Sears as a defendant in an attempt to establish venue here" and by this Court as "impermissible forum shopping"—narrowly escaped the imposition of attorneys' fees and expenses (by both the California court as well as this Court), Oplus turns around and, in now accusing Vizio of unwarranted tactics, again "multiplies the proceedings in [this] case." Fortunately, Oplus's tactics do not even warrant a response from Vizio, and so the generation of even more fees in this case will be averted.

Oplus's decision to seek fees, given its own questionable conduct both before this Court and in California, is unfortunate. Both parties were chastised by Judge Pfaelzer in the Central District of California for "delays and avoidance tactics" and Oplus specifically was admonished for engaging in "tactics in this litigation [that] have been vexatious and meet the standard for litigation misconduct." Although Judge Pfaelzer declined to award fees to Vizio, her comments, as well as the parties brief, albeit contentious, stop in this Court, served as fodder for denying Vizio's request for fees and equally and strongly point in the direction of denying Oplus's request for fees as well.

To continue to litigate a matter which is so clearly dead is frustrating to the judicial process. Oplus's motion, filled with hearsay statements about what it believes Vizio's tactics to be, coupled with its own questionable conduct in this litigation, falls far short of moving this Court to award fees under Federal Rule of Civil Procedure 11 or 28 U.S.C. 1927. As noted by the Court in adopting Judge Mason's decision, "[g]iven the high stakes often involved in patent litigation, parties and their counsel often pull out all of the stops in pursuit of an edge." It's time for these tactics to stop and for each side to take its ball and go home.

Dated: September 10, 2014

_____
Robert M. Dow, Jr.
United States District Judge